UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JILL OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:19-CV-328-TAV-SKL |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Plaintiff successfully litigated this Social Security appeal, based on allegations that the administrative law judge ("ALJ") that presided over her social security disability benefits hearing was not properly appointed under the Appointments Clause of the U.S. Constitution at the time of the hearing, and thus, had no authority to preside over the matter [Doc. 30]. Thereafter, plaintiff moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA") [Doc. 32]. Chief United States Magistrate Judge Susan K. Lee entered a report and recommendation ("R&R") in which she recommends that the Court deny plaintiff's motion for attorney's fees, because the government's position in this appeal was substantially justified [Doc. 38]. Plaintiff objected to the R&R [Doc. 39]. For the reasons explained herein, plaintiff's objections [Doc. 39] are **OVERRULED** and the R&R [Doc. 38] is **ACCEPTED AND ADOPTED IN FULL**. Plaintiff's motion for attorney's fees [Doc. 32] is therefore **DENIED**.

This Court reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection." *Payne v. Sawyer*, No. 18-cv-10814, 2020 WL 5761034, at *2 (E.D. Mich. Sept. 28, 2020) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)). Accordingly, a general objection to the entirety of the magistrate judge's R&R has the same effect as a failure to object. *Howard*, 932 F.2d at 509.

Here, the vast majority of plaintiff's objections [Doc. 39] are merely restatements of the arguments presented before the magistrate judge and do not identify specific portions of the R&R that are contested [*Compare* Doc. 39 *with* Doc. 37]. Indeed, the only mention of the R&R is plaintiff's statement that her case is distinguishable from those cited by the R&R because "the ALJ was aware of the fact that he was violating the Constitution before he even rendered his decision" [Doc. 39, p. 1]. Because plaintiff's objections are largely general objections, which are not valid, the Court will limit its discussion of plaintiff's objections to her one mention of the R&R.

2

As to plaintiff's contention that the ALJ knew that he was violating the Constitution at the time that he rendered his decision, the Court notes that the R&R adequately addressed this issue, stating that *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), which held that ALJs for the Securities and Exchange Commission were not properly appointed, was not expressly applied to Social Security Administration ("SSA") ALJs until the date that the ALJ issued his decision in this case [Doc. 38, pp. 2, 6]. Given this background, plaintiff's conclusory assertion that the ALJ knew that he was violating the Constitution is not supported by the record. Moreover, the Court finds that the relevant consideration for awarding attorney's fees in this appeal was not whether the ALJ's decision was substantially justified, but rather, whether the SSA's position on appeal, that plaintiff waived her Appointments Clause argument by not raising it before the agency, was substantially justified. For the reasons set forth in the R&R [Doc 38], the Court finds that such position was substantially justified.

Accordingly, plaintiff's objections [Doc. 39] are **OVERRULED** and the R&R [Doc. 38] is **ACCEPTED AND ADOPTED IN FULL**. Plaintiff's motion for attorney's fees [Doc. 32] is therefore **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE