UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JILL OSBORNE, | ) |
| *Plaintiff*, | ) No. 3:19-cv-00328-TAV-SKL |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| *Defendant*. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $14,266.21 [Doc. 42]. The motion was referred for consideration pursuant to 28 U.S.C. § 636 [Doc. 43]. The Commissioner of Social Security ("Commissioner") has not filed a response to the motion and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1. I deem the Commissioner's failure to respond to the motion as a waiver of any opposition to Plaintiff's request for an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $14,266.21.[1] *See* E.D. Tenn. L.R. 7.2. This matter is now ripe.

---

[1] Contending that the Court's previous denial of fees under the Equal Access to Justice Act ("EAJA") "is a personal tragedy," Plaintiff makes a passing suggestion that the Court could reconsider its prior Order denying her request for an award of EAJA fees if it "wishes" to do so [Doc. 42 at Page ID # 566]. The Commissioner's failure to respond to the instant motion is not deemed a waiver of opposition to this suggestion. The Court's previous denial of EAJA fees in this case is not properly before the Court and is not addressed any further herein. In the future, however, the Commissioner should respond timely to all motions filed in social security cases and/or consider the submission of a proposed agreed order in those situations where the Commissioner has no objection to the requested relief. This common curtesy would better facilitate the timely resolution of uncontested motions.

**I.     BACKGROUND**

Plaintiff filed an application seeking disability insurance benefits ("DIB") and supplemental security income ("SSI") on June 13, 2016, alleging disability beginning that same day, June 13, 2016. Plaintiff's claims were denied by the Social Security Administration ("SSA") and she appealed that unfavorable decision to this Court. On May 13, 2021, pursuant to a joint motion filed by the parties [Doc. 29], this Court entered an Order and a Judgment Order remanding this case to the SSA for further proceedings [Doc. 30 & Doc. 31]. On remand, Plaintiff was found to be disabled and awarded benefits, including past-due benefits [Doc. 42-1 & Doc. 42-2].

Plaintiff was represented by counsel on a contingency fee agreement, pursuant to which Plaintiff's counsel would receive 25 percent of any past-due benefits awarded to Plaintiff but no more that the fee allowed by law, $6,000.00 [Doc. 42-3]. If the case proceeded beyond the Appeals Council level, as here, the agreed attorney's fee was 25% of back pay with no $6,000 cap [*id.*]. Plaintiff now moves for a fee award of $14,266.21, which is equal to 25% of the past due DIB benefits plus 25% of the past due benefits for SSI [*see* Doc. 42-1 at Page ID # 572 & Doc. 42-2].[2]

---

[2] In support of the motion, Plaintiff has submitted Notices of Award for DIB and SSI [Doc. 42-1 & Doc. 42-2], a Social Security Retainer and Fee Agreement [Doc. 42-3 ("Agreement")], and Plaintiff's counsel's Statement of Attorney Time Expended [Doc. 42-4]. The DIB Notice of Award does not provide an actual calculation of Plaintiff's DIB backpay award, but it does state: "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $13,655.78 from your past due benefits in case we need to pay your representative." [Doc. 42-1 at Page ID # 572]. In her motion, Plaintiff states that "the total amount of past due benefits for SSI purposes is $2,443.35." [Doc. 42 at Page ID # 566]. The SSI Notice of Award, does not appear to include that specific calculation. Nevertheless, the Commissioner has not contested that calculation and so I will rely on it.

## II. ANALYSIS

The Social Security Act allows a claimant to receive a reasonable attorney's fee, but no more than 25 percent of her past-due benefits, when she receives a favorable judgment. 42 U.S.C. § 406(b)(1). A judgment ordering either the award of benefits or a remand may be considered "favorable" within the meaning of the statute, so long as the claimant is awarded benefits "by reason of" the judgment. *Id.*; *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

An award under § 406(b) differs from an EAJA fee award, which uses the "lodestar" concept to set a reasonable hourly rate for fees. *Rodriquez v. Bowen*, 865 F.2d 739, 743-44 (6th Cir. 1989). The percentage-based fee award was designed to "assure adequate compensation" to the attorney and "encourage attorney representation" by taking into account the inherent risk in pursuing an uncertain claim. *Id.* at 744, 746. The Supreme Court addressed the interplay of contingent-fee agreements and fee awards under § 406(b), holding that nothing in the text or history of § 406(b) "reveals a design to prohibit or discourage attorneys and claimants from entering into contingent fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (quotation marks and citation omitted). The Court explicitly rejected the lodestar method for calculating fees under § 406(b), but noted courts must review contingent-fee agreements for reasonableness, and "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. A court should not approve a contingency fee if it results in a windfall to the attorney. *Id.* at 808

In assessing the reasonableness of a fee request, courts should consider whether a fee agreement has been executed between the claimant and the attorney. *Rodriguez*, 865 F.2d at 746.

If so, the court should consider the timing of the agreement—i.e., whether it was executed before litigation commenced or after victory was already certain. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856-57 (6th Cir. 1997). The court should also consider the agreement's terms. *Rodriquez*, 865 F.2d at 746. If the agreement states the attorney will be paid a certain percentage within the statutory range, it is entitled to a rebuttable presumption of reasonableness. *Id.* A deduction from the amount specified by agreement should generally be made only when the claimant's counsel was ineffective or unduly delayed the litigation or where the award would be a "windfall" because of an "inordinately large benefit award" or "minimal effort expended." *Id.*

While § 406(b) does not impose a deadline for filing a fee application, some courts apply Federal Rule of Civil Procedure 54(d), giving attorneys 30 days from entry of judgment to file their fee requests. Some courts also apply equitable tolling, and start the clock from the date the SSA issues a notice indicating the claimant will receive backpay, or in this case past-due benefits. *See Beaty v. Comm'r of Soc. Sec.*, No. 2:08-0118, 2016 WL 3647177, at *4-5 (M.D. Tenn. June 13, 2016) (discussing timing of § 406(b) fee applications, Rule 54(d), and equitable tolling).

In this case, the § 406(b) fee award was promptly requested by counsel on May 25, 2022, within 30 days of the issuance of both the DIB Notice of Award on April 30, 2022, and the SSI Notice of Award on May 6, 2022. The Agreement was signed prior to the commencement of litigation in this Court, when victory was far from certain [*see* Doc. 42-3 at Page ID # 608 (Agreement signed by Plaintiff and counsel for Plaintiff on August 12, 2019)]. There is no indication counsel unduly delayed the litigation or that the Agreement results in a windfall for counsel. The Agreement provides for a fee within the 25% statutory cap in 42 U.S.C. § 406(b). Moreover, as mentioned, the Commissioner does not object to the amount of the fee award.

In light of the foregoing, I **FIND** the fee request is reasonable. *See*, *e.g.*, *McEwen v Comm'r of Soc. Sec.*, No. 3:06-cv-319, 2014 WL 1224212 (M.D. Tenn. Mar. 24, 2014) ($9,453.78 award under § 406)*, Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666 (S.D.N.Y. 2010) ($28,934 award under § 406); *Trejos v. Comm'r of Soc. Sec.*, No. 6:07-cv-1100-Orl-28GJK, 2010 WL 2854234 (M.D. Fla. June 17, 2010) ($16,889.05 award under § 406).

## III. CONCLUSION

For the reasons set forth herein, I **RECOMMEND**[3] that Plaintiff's unopposed motion for approval of attorney's fees under 42 U.S.C. § 406(b) [Doc. 42] be **GRANTED** and the fee award of $14,266.21 be **APPROVED**.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).